IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| J.M.L. a minor, by and through his mother and natural guardian Kristen Lefeavers, and Kristen Lefeavers, individually,<br><br>    Plaintiffs,<br><br>vs.<br><br>The United States of America,<br><br>    Defendant. | C.A. No.: 3:18-3590-MGL<br><br>**COMPLAINT** |

The Plaintiff, Kristen Lefeavers, individually and as parent and natural guardian for J.M.L., a minor child, by and through her undersigned attorneys, would allege as follows:

**PARTIES AND JURISDICTION**

1. The Plaintiff, Kristen Lefeavers (hereinafter the "Plaintiff"), is a citizen and resident of Sumter County, South Carolina. Ms. Lefeavers is a non-commissioned officer in the United States Army.

2. Upon information and belief, Moncrief Army Community Hospital ("Moncrief") is a federally supported medical facility with its principal place of business located in Richland County, South Carolina. Upon further information and belief, Moncrief operates the 20th Medical Group, Shaw Pediatric Team B out of Shaw Air Force Base in Sumter County, South Carolina.

3. Upon information and belief, at all times material to this action, the physicians working at Moncrief and with the Shaw Pediatric Team B were federal employees under the Federal Tort Claims Act acting within the scope of their employment. Upon further information and belief, at all times material to this Complaint, these physicians had privileges to practice medicine at Moncrief/Shaw Air Force Base.

1

4. Upon information and belief, Moncrief and the Shaw Pediatric Team B are part of the United States Department of Veteran Affairs which is an agency of the United States of America. Upon further information and belief, pursuant to 42 U.S.C. § 233 and 28 U.S.C. § 1346, the United States of America is to be the exclusively named party for injuries resulting from torts of employees of the federal government acting within the scope of their employment.

5. Upon information and belief, the following alleged acts and/or omissions of giving rise to Plaintiffs' claims occurred within the territorial boundaries of the Columbia Division.

6. Venue is appropriate pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

7. On December 5, 2012, Plaintiff gave birth to J.M.L.

8. At all times material to this Complaint, J.M.L. received pediatric care from agents and employees of the Defendant including at Moncrief through the Shaw Pediatric Team B. At all times material to this Complaint, the pediatricians at Moncrief/Shaw Pediatric Team had a doctor-patient relationship with J.M.L. and had a duty to provide J.M.L. with medical care within the standard of care, and in accordance with generally accepted standards, practices, and procedures.

9. At all times material to this Complaint, these pediatricians undertook to provide pediatric evaluation and services for patients, including J.M.L. Pursuant to this undertaking and pursuant to any and all licensing and permitting regulations with any and all applicable governmental authorities, these pediatricians held themselves out to the public in general, and to Plaintiff in particular, as a medical provider qualified and competent to render evaluation, consultation, and treatment.

2

10. At 2.5 months old, Defendant's pediatricians had charted that J.M.L's head circumference was normal in the 70th percentile. At approximately 19 months old, Defendant's pediatricians charted that J.M.L.'s head circumference was now in the 8th percentile for his age. In addition, at this time, Plaintiff expressed developmental physical neurologic concerns to the medical providers including inability to walk and speech delay. However, despite these clear warning signs, Defendant's pediatricians made no further evaluation, diagnosis, or treatment of any condition.

11. It would later be determined that J.M.L was suffering from sagittal craniosynostosis. Between July 2014 and December 2015, Plaintiff took J.M.L. to see Defendant's pediatricians and continued to report developmental concerns. During this time period, Defendant's pediatricians failed to diagnose the sagittal craniosynostosis, failed to order additional studies to evaluate the craniosynostosis, and failed to arrange for referral to a specialist for further evaluation and consultation.

12. Upon information and belief, as a result of Defendant's pediatrician's repeated failure to timely diagnose and treat the sagittal craniosynostosis, J.M.L. has suffered permanent and severe physical, cognitive and behavioral injuries.

13. Plaintiffs have complied with all statutory presuit requirements. *See* Form 95's and corresponding exhibits previously served on the Department of the Air Force on May 5, 2016 attached hereto as **Exhibit A**. A denial letter attached as **Exhibit B** was received on July 3, 2018. An Affidavit of Merit from Matthew R. Locklair, MD, a physician qualified and competent to render opinions relating to Defendant's pediatricians' conduct, is attached hereto as **Exhibit C**.

### FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT
(Professional Negligence)

14. The allegations of the foregoing paragraphs are incorporated herein as if set forth verbatim.

15. Defendant's pediatricians had a doctor-patient relationship with J.M.L. such that the duties of due care were owed by these pediatricians to J.M.L.

16. Defendant's pediatricians breached this duty of care owed to J.M.L.

17. Defendant's pediatricians breached these duties as outlined above and in **Exhibit 2** and are guilty of negligence, gross negligence, recklessness, and willful and wanton disregard for the health and well-being of J.M.L. in one or more of the following particulars:

   a. failing to properly recognize and diagnose J.M.L's sagittal craniosynostosis;

   b. failing to order additional studies to evaluate J.M.L's craniosynostosis;

   c. failing to arrange for referral to a specialist for further evaluation and consultation; and.

   d. Any other particulars as may be proven at trial.

18. As a direct and proximate cause of Defendant's pediatricians' negligent, grossly negligent, reckless, willful and wanton conduct, as set forth above, J.M.L.:

   a. Suffered, continues to suffer, and will in the future suffer pain;

   b. Suffered, continues to suffer, and will in the future suffer substantial mental pain and anguish;

   c. Suffered, continues to suffer, and will in the future suffer severe permanent physical and cognitive injuries;

   d. Suffered severe physical trauma;

   e. Incurred, continues to incur, and will in the future incur medical bills for his reasonable and necessary treatment; and

5

    f.    Suffered, continues to suffer, and will in the future suffer loss of enjoyment of life and embarrassment.

19. As a direct and proximate result of Defendant's physicians' negligent, grossly negligent, reckless, willful and wanton conduct, as set forth above, Plaintiff and J.M.L have suffered actual and consequential damages as more fully described below, and are entitled to such damages, as may be proven at trial.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that the Court holds Defendant the United States of America liable for the conduct complained of its employees herein; to enter judgment against Defendant the United States of America and in favor of Plaintiff; and to award the following relief:

    a.    Actual and consequential damages in an amount provable at trial; and

    b.    For other such relief as this Court deems just and equitable.

FINKEL LAW FIRM, LLC  
1201 Main Street, Suite 1800  
Post Office Box 1799  
Columbia, South Carolina 29202  
(803) 765-2935  

  /s William R. Padget_____  
William R. Padget (Fed. ID: 09466)  
Carl D. Hiller (Fed. ID: 11755)  

Columbia, South Carolina          Attorneys for Plaintiffs  
December 27, 2018